UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00414-MR

| | |
|---|---|
| LANCE RICHARDSON PAGAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>F.B.I. et al, )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 1], and Plaintiff's motion for documents, [Doc. 6].

## I. BACKGROUND

Pro se Plaintiff Lance Richardson Pagan ("Plaintiff") is a federal inmate currently incarcerated at Atlanta US Penitentiary in Atlanta, Georgia. On June 2, 2015, Plaintiff pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. [Criminal Case No. 3:13-cr-00258-RJC-DSC-8 ("CR"). Doc. 164: Acceptance and Entry of Guilty Plea; see CR Doc. 162: Plea Agreement]. On May 29, 2015, Petitioner was sentenced to a term of imprisonment of 84 months by the Honorable Robert J. Conrad, Jr., District Judge. [CR Doc.

315: Judgment]. Plaintiff appealed and the Fourth Circuit affirmed Plaintiff's conviction and sentence. United States v. Pagan, 643 Fed. App'x 295 (4th Cir. 2016). Plaintiff has also filed two motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the first of which was denied and dismissed on the merits and the second of which was dismissed as successive. [CR Docs. 359, 370, 431, 438]. Plaintiff also unsuccessfully appealed the dismissal of his first § 2255 motion. [See CR Doc. 384].

On July 27, 2020, Plaintiff filed the instant complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. Plaintiff has named the following Defendants: Steven R. Kaufman, identified as a prosecutor; the Honorable Robert J. Conrad, Jr.; Renae Alt-Summers, identified as Plaintiff's defense attorney; and the Federal Bureau of Narcotics.[1] Plaintiff purports to sue these Defendants in their official capacities only. [Id. at 2-3].

Plaintiff alleges as follows:

> 2013 I was convicted of conspiracy. I gave my attorney Renea Alt-Summers vailed info to clear me of this conspiracy. Steven R. Kaufman then altered the original indictment with the help of Judge Conrad

---

[1] In the case caption on the first page of Plaintiff's Complaint, he names the "F.B.I." as a Defendant, but in the body of his Complaint, Plaintiff names the "Federal Bureau of Narcotics" as a Defendant. [See Doc. 1 at 1, 3]. The Federal Bureau of Narcotics was dissolved in 1968. Whatever Plaintiff intended in this regard, the result is the same, as discussed below.

2

Case 3:20-cv-00414-MR   Document 11   Filed 10/05/20   Page 2 of 8

> Jr by changing witness statement and ect. Then they conspired with the altered indictment to force me into a conspiracy.
>
> …
>
> A co-defendant state that we had dealing at a time I was incarcerated for a Murder Charge. I gave this info to my attorney. After it was found true, the D.A. and Judge change the facts of the Original Charged in the indictment to one that would keep in a conspiracy by the help of my attorney in which I never told her I was in a conspiracy. And yet they still put me in a conspiracy, while I was incarcerated. I didn't know about any of this until I filed for appeal. One told of the changes of the indictment. And I was sent to prison on a plea under false pretents.

[Id. at 4-5 (grammatical and spelling errors uncorrected)]. Plaintiff claims that he discovered the violation of his constitutional rights in 2015. [Id. at 5].

For injuries, Plaintiff claims that he was sent to "the wrong prison … because the paperwork was fabricated [*sic*] to get me to sign a plea." [Id. at 5]. Plaintiff alleges that, while at the wrong prison, he was assaulted and had to have surgery for his injuries. [Id.].

For relief, Plaintiff wants the remainder of his sentence vacated and $200 million in monetary damages. [Id.].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be

3

Case 3:20-cv-00414-MR   Document 11   Filed 10/05/20   Page 3 of 8

granted." 28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

First, giving Plaintiff the benefit of every reasonable inference, he alleges to have discovered the acts of which he complains in 2015.  Any

4

claim Plaintiff may have had under <u>Bivens</u> or otherwise has long since expired. See <u>Harrison v. Herbel</u>, No. 5:05-CT-550-D, 2007 WL 9757745, at *1 (E.D.N.C. July 17, 2007) (dismissing <u>Bivens</u> claim where Plaintiff failed to file his complaint within the applicable statute of limitations). Plaintiff's failure to timely file the complaint is plainly evident and the Plaintiff, therefore, has failed to state a claim as a matter of law.

Second, Plaintiff's claims are barred by <u>Heck v. Humphries</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the

> absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added); see Poston v. Shappert, 222 Fed. App'x 301, 301 (4th Cir. 2007) (applying Heck rationale to bar claims for damages under § 1983 and Bivens). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of the conviction and sentence in the underlying criminal matter. This conviction, however, has not been reversed or otherwise invalidated. Therefore, Plaintiff's Complaint is barred by Heck.

Third, Defendants Conrad and Kaufman are immune from suit. The Honorable Robert J. Conrad, Jr., District Judge, is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Furthermore, Plaintiff's claim against Defendant Kaufman is barred

by prosecutorial immunity. Imbler, 424 U.S. 409.

Fourth, Plaintiff has failed to state a claim, in any event. A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Here, Plaintiff purports to sue Defendants in their official capacities only and Defendant F.B.I. is a federal agency not subject to Bivens liability. Furthermore, Defendant Alt-Summers, as Plaintiff's defense attorney in the criminal proceedings, was not a federal actor. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

As such, Plaintiff has failed to state a claim against any Defendant, in any event. The Court, therefore, will dismiss Plaintiff's Complaint with prejudice because amendment would be futile. Plaintiff's motion for documents, in which he requests "all relevant material containing [*sic*] to [his criminal] case," is improper and moot and will be denied.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is barred by the statute of limitations and <u>Heck</u>, Defendants Conrad and Kaufman are immune from suit, and Plaintiff has failed to state a claim upon which relief can be granted against any Defendant under <u>Bivens</u>. The Court will also deny Plaintiff's motion for documents.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff's motion for documents [Doc. 6] is **DENIED** as moot.

The Clerk is directed to terminate this action.

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge